Singh v. Lynch

BIA
Rohan, IJ
A087 996 322

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand sixteen.

PRESENT:
>       JOHN M. WALKER, JR.,
>       REENA RAGGI,
>       SUSAN L. CARNEY,
>           *Circuit Judges.*

_____

BHUPINDER SINGH, AKA KAMBOJ SINGH,
>           *Petitioner,*

>       v.                                        14-756
>                                                 NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>           *Respondent.*

_____

**FOR PETITIONER:**      Bhupinder Singh, *pro se*, Floral
                         Park, New York.

**FOR RESPONDENT:**      Joyce R. Branda, Acting Assistant
                         Attorney General; Terri J. Scadron,
                         Assistant Director; Siu P. Wong, Trial

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bhupinder Singh, a native and citizen of India, seeks review of a February 7, 2014 decision of the BIA affirming a June 12, 2012 decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Bhupinder Singh,* No. A087 996 322 (B.I.A. Feb. 7, 2014), *aff'g* No. A087 996 322 (Immig. Ct. N.Y.C. June 12, 2012). Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA, *see Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005), applying well established standards of review, *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165–66 (2d Cir. 2008). In doing so, we assume the parties' familiarity with the underlying facts and procedural history of this case.

For asylum applications like Singh's, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in an asylum applicant's statements and other record evidence "without regard to whether"

2

they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 163-64. We "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Here, the agency reasonably relied on several discrepancies in the record in finding Singh not credible. Singh testified that members of the Shiromani Akali Dal Badal political party beat him while he attended a Shiromani Akali Dal Amritsar political rally. When confronted with his inconsistent statements regarding whether this attack occurred during or after the rally, Singh stated for the first time that he was attacked twice that day, a fact not included in his written statement. *See Xiu Xia Lin*, 534 F.3d at 166 n.3 ("An inconsistency and an omission are . . . functionally equivalent."). The IJ was not compelled to credit Singh's explanation that he did not remember the second attack when questioned by his attorney. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005). Singh's testimony regarding the extent of his medical treatment after this attack was similarly inconsistent: he testified alternately that the doctor

3

administered medication for pain and released him, and that the doctor hospitalized him for two days.

With respect to an alleged attack in May 2009, Singh repeatedly testified that he suffered pain as a result, but that he was not seriously injured. He later testified that he dislocated two discs in his spine as a result of the attack. Singh also repeatedly testified that the doctor sent him home after giving him medication and that he did not stay at the hospital. His doctor's affidavit, however, stated that Singh was in critical condition and spent five days in the hospital. Singh failed to provide any explanation for these discrepancies.

Having questioned Singh's credibility, the agency reasonably faulted his failure to provide corroborating evidence to rehabilitate his testimony, including affidavits from his mother and sister who witnessed two of the alleged attacks. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Given the inconsistency and corroboration findings, we identify no basis to disturb the agency's adverse credibility determination, which is dispositive of Singh's claims for asylum, withholding of removal, and CAT relief. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

4

Insofar as Singh argues in his reply brief that he also seeks to challenge the BIA's denial of his motion to remand to the IJ for consideration of new evidence, he failed adequately to raise such a challenge in either his opening or reply brief. Thus, Singh has waived any challenge to the BIA's denial of his motion to remand. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal." (internal quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5